UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TY'SHAWN KAVIONTAE GILMORE,
a/k/a ACKBAR K. GILMORE,

        Plaintiff,

        v.                                    Case No. 22-C-30

BRIAN ANDERSON, et al.,

        Defendants.

**ORDER**

On October 5, 2022, the Court denied Plaintiff Ty'Shawn Kaviontae Gilmore's motion for leave to file an amended complaint and dismissed this case for failure to state a claim. Dkt. Nos. 22-23. The Court concluded that Plaintiff's proposed second amended complaint did not state a conditions-of-confinement claim in connection with six incidents of extended lock-ins at the Milwaukee County Jail between September 2021 and July 2022. Dkt. No. 22. A few weeks later, on October 24, 2022, Plaintiff re-filed his prior motion for leave to file an amended complaint, along with another proposed amended complaint. Dkt. Nos. 24-25. The re-filed documents are almost identical to the prior versions except Plaintiff clarifies that he is asking to proceed under the Fourteenth Amendment, not the Eighth Amendment. *Compare* Dkt. Nos. 18-19 *with* Dkt. Nos. 24-25.

The Court will deny Plaintiff's second motion for leave to file an amended complaint for the same reasons it denied his first motion for leave to file an amended complaint. As the Court explained in the prior order, Plaintiff did not state a claim under either the Eighth Amendment or the Fourteenth Amendment because he did not describe the conditions of his cell or suggest that

the denial of his recreation time was intended or acted as a punishment for something he had done. Dkt. No. 22 at 3-5. In other words, the fact that Plaintiff endured extended lock-ins several times in 2021 and 2022 did not, on its own, violate the constitution. Instead, he needed to allege additional facts sufficient to trigger a constitutional violation. Plaintiff's most recent proposed amended complaint, *see* Dkt. No. 24-1, still does not include any allegation suggesting that the denial of his recreation time was intended or acted as a punishment for something he had done. Plaintiff continues to note that "facility lockdowns" cause confusion with staff on how to implement recreation time for protective custody inmates. Plaintiff therefore continues to allege that administrative and/or logistical staffing issues (rather than punishment) is the cause of his alleged extended lock-downs. Plaintiff still does not state a conditions of confinement claim; therefore, the Court will deny the motion for leave to amend the complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend the complaint (Dkt. No. 24) is **DENIED**.

Dated at Green Bay, Wisconsin this 31st day of October, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge